

**Signed and Filed: November 18, 2010**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                                ) Case No. 04-33526 TEC
                                     )
DEMAS WAI YAN,                       ) Chapter 7
aka DENNIS YAN,                      )
                                     )
                  Debtor.            )
_____)
TONY FU, an individual,              ) Adv. Proc. No. 10-3152 TC
                                     )
                  Plaintiff,         )
                                     )
     vs.                             )
                                     )
DEMAS YAN, an individual,            )
and YAN LAW OFFICE,                  )
                                     )
                  Defendants.        )
_____)
DEMAS YAN, an individual,            ) Date: November 19, 2010
and YAN LAW OFFICE,                  ) Time: 9:30 a.m.
                                     ) Ctrm: Hon. Thomas E. Carlson
                  Cross-Plaintiffs,  )       235 Pine Street
                                     )       San Francisco, CA
     vs.                             )
                                     )
TONY FU aka DONG XING FU, CRYSTAL    )
LEI aka LI MING LEI, STELLA HONG     )
CHEN aka HONG XING FU aka HONG XING  )
CHEN, BRYANT FU and WEI SUEN,        )
                                     )
                  Cross-Defendants.  )
_____)
```

**TENTATIVE RULING RE RULE 12(b)(6) MOTIONS TO DISMISS AND
MOTION TO REMAND**

The court is inclined to remand this removed action due to lack subject matter jurisdiction. Even if this court has subject matter jurisdiction over the action, the court is inclined to dismiss in abstention, because the claims arise exclusively under state-law, because six of the seven parties to the action are non-debtors, because the claims are noncore, because all allowed claims in this estate have been paid in full, and because the prepetition claims asserted by Debtor in the action have been abandoned to him.

The court does not have subject matter over Fu's postpetition defamation claim against Yan, because it arises solely under state law and can have no conceivable effect on the *estate*. If judgment is entered in Fu's favor on the defamation claim, the *estate* will not be liable for such judgment, because the claim arose postpetition. Even if the claim arose prepetition, the estate would not be liable, because Debtor's discharge has been entered and Fu did not file a timely nondischargeability action.

Nor does the court have subject matter over Yan's state-law counterclaims for intentional infliction of emotional distress, breach of fiduciary duty, and fraudulent transfer. First, the claims do not arise under the Bankruptcy Code. Second, if Yan prevails on these claims, they can have no conceivable effect on the *estate*, because all allowed claims have been paid in full, and there remains a large enough surplus to pay the Charles Li claim in the unlikely event that such claim is allowed. Although it is likely that the claims brought by Yan have already been adjudicated by this court and are barred by the doctrine of collateral estoppel, this defense can be raised by the counter-defendants in state court.

To the extent this court has subject matter jurisdiction over the claims in this removed action, the court is inclined to abstain from resolving such claims, because they arise solely under state law, because six of the seven parties are non-debtors, because the claims are noncore, because the court has abandoned all prepetition claims to Debtor, because Debtor's bankruptcy case remains open solely because the appeal related to Li's claim is still pending, and because the trustee cannot remit the surplus funds to Debtor until after resolution of the Li claim and satisfaction of the postpetition judgment creditors' writs of execution.

**\*\*END OF TENTATIVE RULING\*\***

-3-
Case: 10-03152    Doc# 37    Filed: 11/18/10    Entered: 11/19/10 15:37:24    Page 3 of 3