

Signed and Filed: February 18, 2011

_____

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 04-33526 TEC |
| DEMAS WAI YAN, aka DENNIS YAN, | Chapter 7 |
| Debtor. | |
| CRYSTAL LEI, | Adv. Proc. No. 10-3149 TC |
| Plaintiff, | |
| vs. | |
| DEMAS WAI YAN, | |
| Defendant. | |
| TONY FU, | Adv. Proc. No. 10-3152 TC |
| Plaintiff, | |
| vs. | |
| DEMAS YAN, | **MEMORANDUM RE MOTIONS TO DISMISS, MOTION TO REMAND, AND REVOCATION OF ORDER ABANDONING CERTAIN ASSETS TO DEBTOR** |
| Defendant and Cross-Plaintiff, | |
| vs. | |
| TONY FU; aka DONG XING FU; CRYSTAL LEI, aka LI MING LEI; STELLA HONG CHEN, aka HONG XING FU, aka HONG XING CHEN; BRYANT FU; and WEI SUEN, | |
| Cross-Defendants. | |

-1-

This bankruptcy case has been pending before the court for more than six years. A trustee was appointed more than four years ago. The assets of the estate have been liquidated and all allowed claims have been paid in full with interest. What remains before the court are a series of lawsuits in which Debtor seeks to assert legal claims that have been previously adjudicated against him by this court, have been released by the trustee, or may be asserted only by the trustee. For the reasons set forth below, the court dismisses with prejudice the claims released by the trustee or previously resolved against Debtor. With respect to the remaining claims that passed to the bankruptcy estate, the court vacates its prior order abandoning those claims to Debtor, and determines that such claims shall not be abandoned to Debtor upon closing the case.[1]

This memorandum shall constitute the court's findings of fact and conclusions of law.

**FACTS**

1. Debtor-Fu Joint Venture

In February 2000, Debtor Demas Yan purchased a single-family residence at 663 Chenery Street, San Francisco (the Chenery Property). On October 18, 2000, Debtor and Tony Fu entered into a written joint-venture agreement, which provided that Debtor was to contribute the Chenery Property and costs of construction up to $300,000 in return for 75 percent of the sale proceeds, while Fu was to supervise construction and supply all additional costs of construction in return for 25 percent of the sale proceeds. Fu later assigned all of his rights under the joint venture agreement to Wei Suen.

2. Secured Promissory Note from Debtor to Stella Chen

On November 12, 2002, Debtor executed a promissory note in favor of Stella Chen in the amount of $450,000 (the Chen Note), secured by a deed of trust against the Chenery Property (the Deed of Trust). The Chen Note was given in consideration of a loan Debtor obtained from a friend or relative of Chen in February 2002.

---

[1] Because this is a surplus case, this court previously ordered abandoned to Debtor prepetition claims owned by Debtor before the petition date, which passed to the estate upon the filing of the petition. Because Debtor has abused the bankruptcy process in the various ways described in detail below, the court vacates the abandonment order, and will enter an order preventing such claims from being abandoned to Debtor upon the closing of the case.

Case: 10-03152    Doc# 39    Filed: 02/18/11    Entered: 02/22/11 10:19:36    Page 2 of 16

3. <u>Pre-Petition Litigation, Voluntary Bankruptcy Petition, and Sale of the Chenery Property</u>

On February 20, 2004, Debtor filed an action against Chen, Fu, and Suen in the San Francisco Superior Court seeking, *inter alia*, cancellation of the Chen Note and quiet title to the Chenery Property (Debtor's Prepetition Action).

On December 19, 2004, after the San Francisco Superior Court denied Debtor's motion to stop Chen's foreclosure of the Chenery Property, Debtor filed for chapter 11 bankruptcy relief. Protected by the automatic stay, Debtor was able to sell the Chenery Property in the chapter 11 case free and clear of liens and claims at a price sufficient to pay all allowed secured and unsecured claims. Chen's secured claim and Fu's asserted joint-venture interest attached to the sale proceeds.

4. <u>The Bankruptcy Court Judgment</u>

On January 25, 2005, Chen filed an adversary proceeding against Debtor in this court to determine the enforceability of the Chen Note and the Deed of Trust.

On March 17, 2005, Chen removed Debtor's Prepetition Action to this court. The bankruptcy court consolidated the removed action with the Chen adversary proceeding.

On March 3, 2006, this court entered a judgment that determined the parties' respective legal rights regarding the Chenery Property (the Bankruptcy Court Judgment). This court awarded Chen $767,655, which included principal, prejudgment interest, attorney fees, and costs. The court determined that Debtor had no enforceable obligation to Fu or Suen, and that Fu, Suen, and Chen had no obligation to Debtor.

5. <u>Appeals of the Bankruptcy Court Judgment</u>

Chen appealed the bankruptcy court's disallowance of part of her claim for prejudgment interest and attorneys fees. Chen later settled this appeal (*see infra* p. 4).

Suen appealed the bankruptcy court's determination that Fu was barred by Cal. Bus. & Prof. Code § 7031 from sharing the joint-venture proceeds because he was an unlicensed contractor. Suen prevailed on appeal. The District Court held that Fu had an enforceable claim to a share of the Chenery sale proceeds and that Suen was entitled to Fu's share. Suen later reached a settlement regarding the amount of these proceeds (*see infra* p. 6). The District Court decision did not disturb the bankruptcy court's determination that Debtor had no enforceable claim against Fu arising out of the joint venture.

Case: 10-03152    Doc# 39    Filed: 02/18/11    Entered: 02/22/11 10:19:36    Page 3 of 16

1      Fu did not appeal the Bankruptcy Court Judgment. Debtor's appeal of the Bankruptcy Court

2 Judgment was dismissed.

3 6. <u>Trustee Becomes Estate Representative</u>

4      On May 12, 2006, the bankruptcy court ordered the appointment of a trustee. The United

5 States Trustee selected Janina M. Hoskins[2] to serve as the chapter 11 trustee (Trustee).

6 7. <u>Claims Filed Against the Estate by Crystal Lei</u>

7      Fu's ex-wife, Crystal Lei, filed two proofs of claim against the bankruptcy estate. On March

8 29, 2006, Lei filed a general unsecured claim (no. 11) in the sum of $67,937, based on Debtor's

9 alleged breach of contract. On October 13, 2006, Lei filed a second unsecured claim (no. 16) in the

10 sum of $88,111, based on Debtor's alleged failure to repay an installment note.

11 8. <u>Trustee's Settlement with Chen</u>

12      On July 24, 2006, this court entered an order approving a settlement between Trustee and

13 Chen. The settlement resolved Chen's appeal regarding the amount due under the Chen Note. The

14 settlement agreement required Trustee to pay Chen $818,198, and provided that the parties to the

15 agreement released all claims against each other. Agmt, ¶¶ 2, 5, and 6. Specifically, the release

16 provides that:

17     the respective Parties to this Agreement, each acting on . . . her own behalf . . . do forever discharge the other . . . in all capacities, including individually, from any and

18     all actions, liabilities, . . . claims, [etc.] of every kind, nature and description, including, but not limited to, tort, arising out of the facts alleged with regard to the

19     Chen Proceeding. The Parties acknowledge and agree that *the foregoing releases shall extend to any and all adversary proceedings, proofs of claim or any other claims*

20     *by or against any Party hereto, their assignors and the Debtor*.

21 <u>Id.</u>, ¶ 5 (emphasis added). The settlement also includes a waiver of each party's rights under

22 California Civil Code § 1542. No one appealed from the order approving the Chen settlement.

23 9. <u>Conversion to Chapter 7 and Discharge of Debtor</u>

24      On September 15, 2006, the court ordered the case converted to chapter 7. Ms. Hoskins

25 continued to serve as Trustee. On June 26, 2007, the court entered Debtor's discharge.

26

27

28     [2] When appointed to serve as Trustee, Ms. Hoskins' name was Janina M. Elder. Ms. Hoskins' name changed from Janina M. Elder to Janina M. Hoskins on December 1, 2010.

Case: 10-03152   Doc# 39   Filed: 02/18/11   Entered: 02/22/11 10:19:36   Page 4 of 16

10. Debtor's Unauthorized State-Court Actions Asserting Prepetition Claims Owned by Trustee

On July 2, 2007, without permission of this court or Trustee, Debtor filed an action against Lei and Fu in San Francisco Superior Court[3] (the First State Court Action). That action asserted claims for fraud, quiet title, and conversion based on prepetition events regarding the Chenery Property and Lei's prepetition purchase of real property on 28th Avenue in San Francisco.

On July 26, 2007, Trustee removed the First State Court Action to this court.[4] On January 8, 2008, this court dismissed with prejudice the claims asserted against Fu in the removed action on the grounds that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The court dismissed Debtor's claims against Lei without prejudice on the basis that they could only be asserted by Trustee.

On September 24, 2007, Yan filed another action against Lei and Fu in San Francisco Superior Court, this one for libel and slander, based upon postpetition, postconversion statements allegedly made by the defendants (the Second State Court Action).[5] Although the original complaint in the Second State Court Action alleged only claims arising postconversion, Debtor's second amended complaint filed in March 2010 alleges only prepetition claims for breach of fiduciary duty, unjust enrichment, and fraudulent transfer. Each claim in the second amended complaint arises out of prepetition conduct re the Chenery Property--the same nucleus of operative facts as that involved in the Bankruptcy Court Judgment.[6] The second amended complaint in the Second State Court Action attempts to skirt the prepetition nature of the claims by alleging that Debtor did not discover the facts underlying his claims until November 2006. As of February 2011, the Second State Court Action is still pending.

---

[3] Case No. 07-464671.

[4] Adv. Proc. No. 07-3082.

[5] Case No. 07-467500.

[6] Debtor filed the second amended complaint after the court entered the order abandoning prepetition claims to Debtor. However, his filing of the second amended complaint was wrongful, because the complaint asserts only prepetition claims that were released by Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment. *See infra* p. 11.

Case: 10-03152    Doc# 39    Filed: 02/18/11    Entered: 02/22/11 10:19:36    Page 5 of 16

On January 24, 2008, again without permission of this court or Trustee, Debtor filed another action against Lei and Fu in the San Francisco Superior Court (the Third State Court Action).[7]  The complaint alleges that, sometime before February 2001, Debtor hired Lei and Fu to provide construction services at 547 23rd Avenue and the Chenery Property, that Debtor paid Lei and Fu for such services, and that Debtor was entitled to recoup such payments under state law because Lei and Fu were not licensed contractors.  On July 16, 2008, Debtor dismissed this action without prejudice.

11.  <u>Trustee's Settlements with Suen and Lei</u>

On March 4, 2008, the court approved Trustee's settlement with Suen,[8] which was read into the record at a mediation before Magistrate Judge Edward Chen in February 8, 2008.  The Suen settlement provides that the parties mutually agree to waive:

> any and all claims arising out of this particular transaction [Chenery Property], that is, the subject matter of this case and . . . include[s] *a waiver of all claims known or unknown arising up through and including today*, and the parties would waive their rights under California Civil Code section 1542.

(emphasis added).  No appeal was taken from the order approving the settlement.

On May 29, 2008, the court approved a settlement between Trustee and Lei.  The Lei settlement agreement required Trustee to pay Lei $45,000 in satisfaction of Lei's proofs of claim and included broad, mutual releases of all claims (known and unknown) by Lei and Trustee.  Agmt, ¶¶ 2, 4-5.  The release provides in relevant part:

> the respective Parties to this Agreement, each acting on her own behalf . . . do forever discharge the other . . . in all capacities, including individually, from *any and all actions, liabilities, liens, debts, damages, torts, claims, suits, judgments, executions and demand of every kind, nature and description, arising in the Case, and relating to the assets, liabilities and administration of the Case and Estate*.  The Parties acknowledge and agree that the foregoing releases extend to adversary proceedings and proofs of claim in the Case.

<u>Id.</u>, ¶ 4 (emphasis added).  The Lei settlement includes a waiver of California Civil Code § 1542, and a clause entitling the prevailing party to recover attorneys fees related to enforcement of the settlement.  <u>Id.</u>, ¶ 12.  No one appealed from the order approving the Lei settlement.

Thus, by June 2008, Trustee had released all of the estate's prepetition claims against Chen, Suen, and Lei.

---

[7]  Case No. 08-471333.

[8]  Docket No. 299, Case No. 04-33526.

12. State Court Action by Debtor's Father

On August 7, 2008, Debtor's father Cheuk Yan (Debtor's Father) filed an action against Lei and Fu for fraud, quiet title, conversion, and unjust enrichment in the San Francisco Superior Court (the Cheuk Yan Action).[9] The complaint is virtually identical to the complaint filed by Debtor in the First State Court Action and concerns the same prepetition events regarding the Chenery Property. The only material difference between the First State Court Action and the Cheuk Yan Action is the substitution of Debtor's Father for Debtor as plaintiff.

At a deposition, Debtor's Father testified that: (1) he did not know Lei; (2) he did not believe Lei owed him money; (3) he was unaware of the majority of the factual allegations in the complaint filed in the Cheuk Yan Action; (4) that he cannot read or write English; and (5) that he had not read any of the pleadings he filed, and just signed the pleadings because Debtor told him to.[10]

13. Approval of Final Account and Payment of All Claims

On March 18, 2009, this court approved Trustee's final account, which provided for payment of all allowed claims in full with interest. On April 9, 2009, the court entered an order authorizing Trustee to make distributions on the final account, and requiring Trustee to retain all surplus funds (approximately $380,000) pending a determination on a disputed claim.

14. Abandonment of Prepetition Claims to Debtor

On June 15, 2009, the court entered an order abandoning to Debtor the bankruptcy estate's interest in all prepetition causes of action. The court did so because Trustee stipulated to abandonment, and because the estate appeared to have a surplus after payment of allowed claims.[11]

15. Fu Defamation Action and Debtor's Cross-Claims (Adv. Proc. No. 10-3152)

On July 6, 2010, Fu filed a complaint against Debtor in San Francisco Superior Court[12] seeking damages for a defamatory statement Debtor allegedly made about Fu in 2010 (the Fu

---

[9] Case No. 08-478364. On January 7, 2011, the Superior Court signed an order consolidating he Cheuk Yan Action with the Second State Court Action and Superior Court Case No. 08-478815. *See infra* p. 11 note 15.

[10] Docket No. 21, Exh. I, Adv. Proc. No. 10-3149.

[11] The order inadvertently was entered in *Fu v. Yan*, Adv. Proc. 08-3166, rather than in the main bankruptcy case.

[12] Case No. 10-501321 .

Case: 10-03152    Doc# 39    Filed: 02/18/11    Entered: 02/22/11 10:19:36    Page 7 of 16

Defamation Action).  In response, Debtor filed cross-claims against Fu, Chen, Lei, Wei Suen, and Bryant Fu, asserting three claims involving acts committed before Debtor's December 19, 2004 bankruptcy petition.

In his cross-claim for intentional of emotional distress, Debtor alleges that, "from 2000 to 2010," Fu, Lei, and Chen conspired to cause Debtor extreme emotional distress by fraudulently inducing Debtor to give Fu trust deeds and promissory notes, by wrongfully instigating foreclosure actions on those deeds, by withholding and concealing business information, by defrauding Debtor in joint development projects, by taking delivery of construction material without paying for it, and by causing Debtor's bankruptcy.  The cross-claim does not allege with specificity any act by defendants occurring after the December 19, 2004 petition date.

Debtor's cross-claim for breach of fiduciary is based on a 1997 joint venture between Debtor and Fu to develop real property, including the Chenery Property.  The cross-complaint alleges, *inter alia*, that "from 2002 to July 2010," Fu, Lei, and Chen acted in concert to deprive Debtor of his just share of the Chenery Property sale proceeds and profits.

Debtor's cross-claim for fraudulent transfer vaguely alleges that, around the year 2000, Fu and Lei divorced as a ploy to shield their assets from Fu's creditors.  The claim further alleges that Fu transferred real property to Lei at the time of their divorce, and that Fu fraudulently transferred to "the other Defendants" possession of his moneys, causes of action, contacts, agreements, and other properties.

On August 31, 2010, Chen removed the Fu Defamation Action to this court on the basis that the cross-claims alleged by Debtor: (a) affect property of the estate; (b) involve prepetition claims that can be brought only by Trustee; (c) attack the integrity of final judgments issued by this court; and (d) are barred by the doctrines of claim and issue preclusion.

On September 24, 2010, Lei, Suen, and Bryant Fu filed a Rule 12(b)(6) motion to dismiss the cross-claims for intentional infliction of emotional distress and breach of fiduciary duty on the bases that they are barred by the statute of limitations and that they fail to allege the existence of a fiduciary relationship.

1    On September 28, 2010, Tony Fu filed a Rule 12(b)(6) motion to dismiss on the grounds that
2  the counterclaims against him are barred by the statute of limitations, claim preclusion, issue
3  preclusion, and fail to state a claim upon which relief can be granted.
4    On September 30, 2010, Debtor filed a motion to abstain and remand, arguing that this court
5  lacks subject-matter jurisdiction because the claims arose postpetition.
6    On October 14, 2010, Chen filed a Rule 12(b)(6) motion to dismiss Debtor's cross-claims on
7  the basis that those claims are barred by of claim preclusion, issue preclusion, and by the release
8  contained in the settlement agreement between Chen and Trustee.
9  16.  Lei Adversary Proceeding (Adv. Proc. 10-3149)
10    On August 27, 2010, Lei filed a complaint against Debtor in this court (the Lei Action)
11  seeking: (1) to enjoin Debtor and Debtor's Father from asserting against her any prepetition claims
12  released by the bankruptcy estate; (2) a judicial determination that claims asserted by Debtor and
13  Debtor's Father in state court are prepetition claims released by the estate; and (3) damages for
14  Debtor's alleged breach of the settlement agreement between Lei and Trustee.
15    The prayer in the Lei Action seeks numerous judicial determinations, including, *inter alia*:
16  (1) that Debtor has committed fraud on the court; (2) that Debtor and Debtor's Father have no
17  ownership in the real property at 337 28th Avenue[13] and that Debtor wrongfully placed a lien on such
18  property; (3) that Debtor's Father has no ownership interest in the Chenery Property; (4) that
19  Debtor's lawsuits against Lei have caused her financial and emotional harm; (5) that Debtor is in
20  contempt of court by "again and again litigating the Chenery Project"; and (6) that Debtor has failed
21  to obtain leave of court to sue Lei on prepetition claims that belong to the estate.  The prayer also
22  seeks attorneys fees, costs, and exemplary damages.
23    Debtor filed a Rule 12(b) motion to dismiss the Lei Action on the following grounds:
24  (1) the complaint fails to state a claim for upon which relief can be granted for injunctive and
25  declaratory relief, because this court abandoned all prepetition claims to Debtor; (2) Lei cannot
26
27  _____
28      [13]  This real property was not scheduled by Debtor as property of the estate.  Lei claims that
     Trustee removed a lien placed by Debtor on this real property as part of Lei's settlement with
     Trustee.  The settlement does not mention this real property.

Case: 10-03152   Doc# 39   Filed: 02/18/11   Entered: 02/22/11 10:19:36   Page 9 of 16

1 recover for damages for breach of Lei's settlement agreement with Trustee, because Debtor is not a

2 party to that agreement; (3) the court lacks subject-matter jurisdiction to determine the claims; and

3 (4) the court lacks personal jurisdiction over Debtor's Father.

**DISCUSSION**

1. Determination to Vacate Order Abandoning Assets to Debtor

6      On June 15, 2009, this court entered an order abandoning the remaining assets of the estate to

7 Debtor. The court did so because the estate appeared to be solvent, and because Trustee did not

8 object.[14]

9      This court now determines that the order for abandonment should be vacated. As an exercise

10 of its discretion under 11 U.S.C. § 554(c), this court also determines that the prepetition claims that

11 passed to the estate on the petition date should not be abandoned to Debtor upon the closing of the

12 case. The court takes these two steps for the following reasons.

13      First, Debtor improperly attempted to assert prepetition claims that belonged to the estate

14 *after* a trustee had been appointed and *before* those claims were abandoned to Debtor. Ms. Hoskins

15 was appointed as chapter 11 trustee on May 12, 2006, and has continued to serve as the chapter 7

16 trustee since the court converted the case on September 15, 2006. Once Trustee was appointed,

17 Debtor lost all authority to bring the prepetition claims at issue. 11 U.S.C. §§ 323, 541, 704, 1106.

18 Yet after Trustee was appointed, Debtor filed at least two state court actions asserting prepetition

19 claims that could be brought only by Trustee.[15] Debtor's assertion of prepetition claims after

20 appointment of a trustee constituted a violation of the automatic stay, as it constituted an attempt to

21 exert control over property of the estate. 11 U.S.C. § 362(a)(3).

---

23     [14] As set forth above, on April 9, 2009, the court entered an order approving Trustee's
final account and authorizing her to pay all allowed claims in full with interest. After

24 that distribution, the trustee had $380,000 in surplus funds.

25     [15] The First State Court Action was filed on July 2, 2007. The Third State Court Action was
filed and January 24, 2008. Both of these Actions were filed after Trustee's appointment and prior

26 to this court's abandonment of prepetition claims to Debtor on June 15, 2009. Although not raised
by the parties, the court discovered on the docket of the Second State Court Action a possible third

27 action filed by Debtor prior to entry of the order abandoning prepetition claims to him, in which
Debtor asserts claims against Siu Ma, Charles Li, and Tony Fu based on prepetition conduct (San

28 Francisco Superior Court Case No. 08-478815). That action was filed on August 19, 2008, which is
after appointment of the Trustee and prior to entry of the order abandoning claims to Debtor.

Case: 10-03152   Doc# 39   Filed: 02/18/11   Entered: 02/22/11 10:19:36   Page 10 of
16

Second, Debtor asserted prepetition claims against Lei, Suen, and Chen after those claims had been released by Trustee. With the express permission of this court, Trustee executed settlement agreements with Chen in July 2006, Suen in March 2008, and Lei in May 2008. Each of the settlement agreements contained broad releases that included all prepetition claims that had passed from Debtor to the bankruptcy estate on the petition date. Yet in March 2010, Debtor asserted prepetition claims against Lei in his second amended complaint in the Second State Court Action, and in August 2010 asserted prepetition claims against Lei, Suen, and Chen in the Fu Defamation Action.

Third, Debtor asserted prepetition claims against Fu that were barred by the Bankruptcy Court Judgment, and then asserted the same claims a second time after this court had dismissed Debtor's prepetition claims as barred. On January 8, 2008, this court dismissed with prejudice the claims that Debtor asserted against Fu in the First State Court Action (which had been removed to this court). This court determined that the claims asserted in that action concerned the Chenery Property, that those claims had been adjudicated in the Bankruptcy Court Judgment, and that those claims were thus barred by principles of claim and issue preclusion. Less than three weeks later, Debtor filed the Third State Court Action, in which Debtor once again asserted claims against Fu concerning the Chenery Street project. Debtor alleged these same claims yet again in 2010 as counterclaims to Fu's postpetition defamation claim.

Fourth, I find that the acts described above were not the product of good faith mistake. Debtor is not ignorant of the law. He attended law school, has been a member of the California Bar since December 1, 2008, and has been representing himself in this case since October 2006. The fact that Debtor's assertion of prepetition claims was wrongful in three separate ways (asserting claims that belonged to Trustee, that had been released, and that previously had been adjudicated against him) makes it difficult to find that any of the three types of wrong was the product of good faith mistake.

Fifth, it is essential to the proper administration of bankruptcy cases that a trustee have power to administer assets of the estate free from interference by the debtor. Both the estate and affected creditors will be harmed if a trustee is unable to give an effective release of claims belonging to the

-11-

estate as part of a court-approved settlement. The estate will be harmed in negotiating settlements of claims belonging to the estate if a debtor is not strictly barred from asserting the same claims that have been settled by a trustee.

Sixth, Chen, Lei, Suen, and Fu have submitted their claims to this court for resolution. It is appropriate for this court to take all appropriate acts to enforce the rights those parties have established in litigation or by settlement with Trustee. I determine that it will be easier for those parties to enforce their rights against Debtor if Debtor is barred from bringing any prepetition claims that passed to the estate.[16] This is so, because it may be easier for another court in which Debtor may bring a subsequent claim to determine whether Debtor asserts claims arising before the petition date than to determine whether Debtor asserts claims barred by some other doctrine.

In determining that prepetition claims that passed to the estate should not be abandoned to this Debtor now or upon closing of the case, I note and rely upon the misconduct described above, the lack of any reason to believe that the acts in question were the result of a good faith mistake, the deterrent effect on Debtor and others that may result from barring abandonment of the claims to Debtor, and the ease in enforcement of their rights that may accrue to the parties most aggrieved by Debtor's misconduct (Chen, Lei, Suen, and Tony Fu) as a result of barring such abandonment.

2. Debtor's Motion to Dismiss the Lei Action

In Lei v. Yan, Adv. Proc. No. 10-3149, the court currently has before it Debtor/Defendant Yan's Rule 7012(b) motion to dismiss.

The court denies Debtor's motion to dismiss for lack of subject-matter jurisdiction, denies Debtor's motion to dismiss the claims for injunctive and declaratory relief for failure to state a claim, and grants Debtor's motion to dismiss Lei's claim for damages to the extent that claim depends upon Trustee's settlement agreement with Lei.

a. Subject-Matter Jurisdiction

This court has "related to," "arising in," and "arising under" jurisdiction to determine Lei's affirmative claims for injunctive relief, declaratory judgment, and damages. 28 U.S.C. § 1334(b).

---

[16] Chen, Lei, Suen, and Fu are barred from asserting prepetition claims against Debtor by virtue of the discharge Debtor was granted on June 26, 2007. There is no evidence before the court that these creditors have in any way violated that discharge.

-12-

The court has "related to" jurisdiction over these claims, because their adjudication requires this court to determine whether the legal claims Debtor asserts against Lei in various state-court actions arose prepetition and passed to the bankruptcy estate pursuant to 11 U.S.C. § 541. The resolution of legal claims owned by the estate conceivably could have an effect on the estate's rights and liabilities. Fietz v. Great Western Savings (In re Fietz), 852 F.2d 455, 457-58 (9th Cir. 1988); Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984).

The court has "arising in," and "arising under," jurisdiction over the claims for relief brought by Lei, because Trustee's power to administer the estate includes the power to settle prepetition claims of Debtor that pass to the estate, because it is essential to the *effective* administration of the estate that Trustee be able to prevent Debtor from prosecuting claims that have settled by Trustee, and because section 105 of the Bankruptcy Code provides that a bankruptcy court may issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

    b. Claims for Injunctive and Declaratory Relief

The court denies Debtor's motion to dismiss Lei's claims for injunctive and declaratory relief. The claim for injunctive relief states a claim upon which relief can be granted, because the complaint alleges that Debtor is attempting to prosecute against Lei prepetition legal claims that passed to the bankruptcy estate and were released by the trustee. The claim for declaratory relief states a claim upon which relief can be granted, because the complaint alleges that a dispute currently exists between Lei and Debtor regarding whether the state-court actions Debtor is pursuing assert prepetition claims of Debtor that became property of the bankruptcy estate and were released by Trustee.[17]

---

[17] The court does not enter injunctive and declaratory relief at this time, because the only motion pending before the court is Debtor's Rule 12(b)(6) motion to dismiss. The court notes, however, that such relief would likely to granted on summary judgment, because there appears to be no dispute regarding the validity or scope of the release, and because Debtor's pleadings in the State Court Actions and the Fu Defamation Action indicate that Debtor is asserting prepetition claims that have been released by Trustee.

-13-

1    c. Claim for Damages for Breach of the Settlement Agreement

2    The court grants with prejudice Debtor's motion to dismiss Lei's claims for damages to the

3    extent the claim for damages is based upon Debtor's breach of the settlement agreement, because

4    Debtor was not a party to the settlement agreement Lei seeks to enforce.[18]

5    3. Fu Defamation Action: Motions to Dismiss Cross-Claims; Motion to Remand

6        In Fu v. Yan, Adv. Proc. No. 3152, the court currently has before it motions by cross-

7    defendants Chen, Lei, Suen, Tony Fu, and Bryant Fu to dismiss Debtor's cross claims for failure to

8    state a claim upon which relief can be granted.  The court also has before it Debtor's motion to

9    remand the Fu Defamation Action to state court.

10        The court construes the motions of Chen, Lei, and Suen as motions for summary judgment,

11   because their motions rely upon the release of claims granted by Trustee and approved by this court,

12   and because the release and order are not incorporated by reference into the cross complaint.[19]  The

13   court grants the motions for summary judgment, because the cross-complaint itself reveals that it

14   asserts prepetition claims, and because Trustee's release of such claims is a matter of public record.

15   The court grants Tony Fu's motion to dismiss Debtor's counterclaims against him, because those

16   claims are barred by principles of issue and claim preclusion, and because the counterclaims assert

17   prepetition claims that passed to the bankruptcy estate and can be prosecuted only by Trustee.  The

18   court grants Bryant Fu's motion to dismiss, on the basis that the cross-claim against him is also a

19   prepetition claim that can be prosecuted only by Trustee.

20

21

22

23      [18]  The complaint attaches the settlement agreement and related order as exhibits.  In ruling
     upon a motion to dismiss, the court may consider the contents of these documents, because the
24   authenticity of the documents is not contested.  Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.
     1998); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in Galbraith
25   v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)).  The court may consider such
     documents without converting the motion to dismiss into a motion for summary judgment.  Knievel
26   v. ESPN, 393 F.3d 1068, 1076-66 (9th Cir. 2005).

27      [19]  Only Chen moved to dismiss the cross claims on the basis of the release.  Because the
     court grants the motions to dismiss to with leave to amend, and because Trustee's releases of claims
28   against Lei and Suen are similar to Trustee's release of claims against Chen, the court raises on its
     own motion the effect of Trustee's releases of Lei and Suen.

-14-

a. <u>Prepetition Nature of Legal Claims</u>

I determine that the cross-claims alleged by Debtor in the Fu Defamation Action arose prepetition, notwithstanding Debtor's artful pleading, because the only events specified in the cross-complaint occurred prepetition (the Yan-Fu joint venture, 1997; development of the Chenery Property, 2000; alleged fraudulent transfer of assets, 2000), and because Debtor could fairly or reasonably contemplate the claims' existence prior to the petition date. <u>In re Heilman</u>, 430 B.R. 213 (9th Cir. BAP 2010). All legal claims that Debtor possessed on the petition date passed to the bankruptcy estate. 11 U.S.C. § 541(a). Once a trustee was appointed, that Trustee became the sole agent of the estate with authority to prosecute prepetition claims of Debtor on behalf of the estate. 11 U.S.C. §§ 323, 541, 704, 1106.

b. <u>Effect of Trustee's Releases (Chen, Suen, Lei)</u>

The cross-claims that Debtor asserts against Chen, Suen, and Lei have been extinguished by Trustee's prior release of those claims. Trustee entered settlement agreements with Chen, Suen, and Lei that provided for a release of all known and unknown claims between the parties. These releases extinguished the cross-claims Debtor asserts against Chen, Suen, and Lei in the Fu Defamation Action because: (1) those claims were prepetition claims that passed to the bankruptcy estate; (2) those claims were subject to administration by Trustee, (3) Trustee was authorized by a final order of this court to execute settlements agreements with Chen, Suen, and Lei that released those claims; and (4) Trustee executed the settlement agreements on behalf of the estate.

c. <u>Preclusive Effect of the Bankruptcy Court Judgment (Tony Fu)</u>

The counterclaims that Debtor asserts against Tony Fu are barred by the Bankruptcy Court Judgment. In the adversary proceeding that led to that Judgment, Debtor sought damages from Fu for acts concerning the joint venture to develop the Chenery Property, and the court determined that Debtor was not entitled to any relief against Fu. Debtor's counterclaims in the Fu Defamation Action concern the Chenery Property joint venture, and thus involve the same transactions at issue in the adversary proceeding. Because the Bankruptcy Court Judgment found that Fu had no liability to Debtor from that transaction, and because that Judgment was not disturbed on appeal and is now final, the counterclaims alleged by Debtor against Fu in the Fu Defamation Action are barred by the

Case: 10-03152   Doc# 39   Filed: 02/18/11   Entered: 02/22/11 10:19:36   Page 15 of 16

principles of claim preclusion and issue preclusion.  E.g., Taylor v. Sturgell, 553 U.S. 880, 892 (2008); U.S. v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008).  In addition, the counterclaims are prepetition claims that only Trustee can prosecute.

d.  Bryant Fu's Motion to Dismiss

The court grants Brynt's Fu's Rule 7012(b)(6) motion to dismiss, because the cross-claim alleged against him for fraudulent transfer is a prepetition claim that only Trustee can prosecute.

e.  Leave to Amend

The court is left with the strong impression that the counterclaims and cross-claims alleged by Debtor in the Fu Defamation Action arise from prepetition conduct, and are thus prepetition claims that have been released by Trustee or that only Trustee has standing to assert.  The court grants Debtor ten days leave to file an amended complaint *in this court* that specifies *with particularity* the *postpetition nature* of Debtor's claims against the Defendants.  The court will require Defendants to file a response to the amended cross-complaint only if the amended cross-complaint alleges postpetition claims.  To the extent the amended cross-complaint alleges prepetition claims, the court will enter an order dismissing the action without further leave to amend.  If the amended cross- complaint alleges only postpetition state-law claims, the court will remand such claims to the state court.

f.  Debtor's Motion to Remand

Fu's complaint for defamation likely should be remanded to state court, because this court lacks independent subject-matter jurisdiction over Fu's postpetition state-law claim, but because Debtor's cross-claims could soon be dismissed without leave to amend, the court will wait until it has dealt with any proferred amendments to the cross-complaint before issuing any order on Debtor's motion to remand.

**\*\*END OF MEMORANDUM\*\***

Case: 10-03152   Doc# 39   Filed: 02/18/11   Entered: 02/22/11 10:19:36   Page 16 of 16