**Entered on Docket**
**April 04, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: March 30, 2011**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN, aka DENNIS YAN, | Chapter 7 |
| Debtor. | |
| TONY FU, an individual, | |
| Plaintiff, | Adv. Proc. No. 10-3152 TC |
| vs. | |
| DEMAS YAN, an individual, d/b/a YAN LAW OFFICE, | |
| Defendant. | |
| DEMAS YAN, an individual, and YAN LAW OFFICE, | |
| Cross-Plaintiff, | |
| vs. | |
| TONY FU aka DONG XING FU, CRYSTAL LEI aka LI MING LEI, STELLA HONG CHEN aka HONG XING FU aka HONG XING CHEN, BRYANT FU and WEI SUEN, | |
| Cross-Defendants. | |

**MEMORANDUM RE DEBTOR'S MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 18, 2011 ORDER RE RULE 12(B)(6) MOTIONS AND MOTION TO REMAND**

-1-

Demas Yan's motion to alter or amend the court's February 18, 2011 order is denied, because Yan has not established that the court committed an error of law or any other cognizable basis for modifying the order. This memorandum shall constitute the court's findings of fact and conclusions of law.

FACTS

On February 18, 2011, the court signed an order (Order) dismissing the cross-complaint filed by Demas Yan (Yan) and removed to this court by cross-defendant Stella Chen, because the cross complaint asserted prepetition claims that belonged to the estate and that were not abandoned by the estate to Debtor.[1] The Order established a deadline of February 28, 2011 for Yan to file an amended cross-complaint that alleged claims arising out of postpetition events, and that specified clearly the facts giving rise to wholly postpetition claims. The Order additionally provided that the cross-complaint would be dismissed with prejudice if Yan failed timely to file an amended cross complaint.

Yan did not file an amended cross-complaint. Instead, pursuant to Fed. R. Civ. Proc. 59(e),[2] Yan filed a motion to alter or amend the Order. Like Yan's opposition to the Rule 12(b)(6) motions to dismiss, the motion for reconsideration argues that: (1) the claims are not prepetition claims, because the cross-defendants engaged in a pattern of tortious conduct that began prepetition and continued until after the case was converted to chapter 7; and (2) the claims are state-law claims over which this court has no jurisdiction.

DISCUSSION

Reconsideration and amendment of an order is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. . . [and] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

---

[1] In addition, the cross-claims against Chen, Lei, and Suen had been released by the chapter 7 trustee, and the cross-claims against Tony Fu were barred by the principles of issue and claim preclusion.

[2] Fed. R. Civ. Proc. 59(e) applies in Bankruptcy Cases. Fed. R. Bankr. Proc. 9023.

-2-

law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Yan's motion to amend the Order must be denied, because he has not established that the Order is based on a clear error or that there has been an intervening change in controlling law.[3] The Order did not determine that no postpetition conduct underlies the cross-claims. Rather, the Order determined that the postpetition conduct was not pled with sufficient particularity for the court to separate the postpetition claims from the prepetition claims, which remained property of the estate, and which will continue to remain property of the estate after the bankruptcy case is closed. The court gave Yan ten days leave to amend the cross-complaint to specify clearly the facts giving rise to the postpetition claims. Yan elected not do so. Therefore, as pled, and for the reasons stated in the court's February 18, 2011 memorandum decision, the cross-claims do not allege any postpetition claims with sufficient particularity to state a claim upon which relief can be granted. Because Yan has not established that the Order is based on a clear error, and because oral argument would not be helpful to the court in determining the motion for reconsideration, the court denies the motion and vacates the hearing on the motion.

**\*\*END OF MEMORANDUM\*\***

---

[3] Yan does not contend that there is newly discovered evidence.